# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROGER POOLE, et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MEHLVILLE CHRYSLER, Inc., )<br>d/b/a METRO CHRYSLER CENTER, )<br>)<br>Defendants. ) | No. 07-CV-308-WDS |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion for summary judgment (Doc. 15), to which defendant has not filed a response.

## BACKGROUND

Plaintiffs seek to collect amounts owed to the District No. 9, International Association of Machinists and Aerospace Workers Pension (Pension Trust) and Welfare (Welfare Trust) Trusts pursuant to the terms of a collective bargaining agreement between District 9 and defendant. Plaintiff's complaint alleges that defendant violated that collective bargaining agreement, and thus 29 U.S.C. § 1145, by failing to make required contributions to the Welfare Trustees from March to April of 2007, in the amount of $51,000.00, and to the Pension Trustees from February to April of 2007, in the amount of $45,080.00. The Court **FINDS**, from the record, the following relevant and undisputed facts:

The Pension Trust is an employee benefit plan that provides pension benefits to covered employees, while the Welfare Trust is an employee benefit plan that provides health and welfare benefits to covered employees. Roger Poole, Tony Rippeto, Kenneth Ramsey, Chris Adelmann,

and James Kelly are the members of the Joint Board of Trustees for both the Pension Trust and the Welfare Trust.

Metro Chrysler Center signed a collective bargaining agreement with District 9, effective August 1, 2004 through September 30, 2007, which agreement requires defendant to make monthly contributions to the Pension Trustees and to the Welfare Trustees on or before the tenth day of the month for each employee who was employed on the first working day of the month.

Defendant failed to make $54,659.50 in contributions to the Pension Trust from February 2007 to May 2007, and failed to make $24,480.00 in contributions to the Welfare Trust in May of 2007. (See verified affidavit of Harry E. Kiel, Doc. 16-7).

The Pension Plan and Welfare Trust each provide that defendant is liable for liquidated damages equal to 20% of the contributions due. These liquidated damages amount to $10,931.90 due the Pension Trust, and $4,696.00 due the Welfare Trust.

The collective bargaining agreement requires defendant to pay all court costs and reasonable attorneys' fees incurred in the collection of delinquent contributions, plus interest on unpaid contributions. Based on the verified affidavit of Michael A. Evans (Doc. 16-2), the Court **FINDS** attorney's fees in the amount of $5,633.50 to be reasonable.

## LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of fact exists "if the evidence is such that reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986). In determining whether summary judgment is appropriate, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

> 29 U.S.C. § 1132(g)(2), provides:
> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan -
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of -
>     (i) interest on the unpaid contributions,
>     or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of Title 26.

## ANALYSIS

Plaintiffs have established that they are entitled to recover amounts equaling the unpaid contributions, liquidated damages on the unpaid contributions, costs, and attorneys' fees under the terms of their collective bargaining agreement with defendant. In the absence of such an agreement, 29 U.S.C. § 1132(g)(2) entitles plaintiffs to amounts equaling the unpaid contributions, liquidated damages on the unpaid contributions, costs, and attorneys' fees in this case. Defendants failed to respond to plaintiffs' motion for summary judgment and, therefore, have failed to establish any genuine issue of material fact.

Therefore, the Court **GRANTS** plaintiffs' motion for summary judgment. The Court enters judgment in favor of the plaintiffs Roger Poole, Tony Rippeto, Kenneth Ramsey, Chris Adelmann, and James Kelly, and against defendant, Mehlville Chrysler, Inc., d/b/a Metro Chrysler Center.

The Court **AWARDS** Roger Poole, Tony Rippeto, Kenneth Ramsey, Chris Adelmann, and James Kelly (collectively "Pension Trustees"), in their capacity as the members of the Joint Board of Trustees for the Pension Trust, $54,659.50 in compensatory damages, and $10,931.90 in liquidated damages.

The Court **AWARDS** Roger Poole, Tony Rippeto, Kenneth Ramsey, Chris Adelmann, and James Kelly (collectively "Welfare Trustees"), in their capacity as the members of the Joint Board of Trustees for the Welfare Trust, $24,480.00 in compensatory damages, and $4,696.00 in liquidated damages on this claim.

The Court **FURTHER AWARDS** plaintiffs Roger Poole, Tony Rippeto, Kenneth Ramsey, Chris Adelmann, and James Kelly $5,633.50 in attorney fees. The Court **DIRECTS** plaintiffs to file a Bill of Costs with the Clerk of the Court.

The Clerk of the Court is **DIRECTED** to enter judgment against defendant accordingly.

**IT IS SO ORDERED.**

**DATED: March 31, 2008**

                                                              **s/ WILLIAM D. STIEHL**
                                                                      **District Judge**